In the absence of clear proof of fraud or undue influence, the disposition of property made by a will must be carried out, and the fact alone that illicit relations existed between a testatrix and the chief beneficiary under her will is not sufficient to prove undue influence and avoid the will.

Proceedings for the probate of the will of Bertha Rand.   Probate granted.

James Brandt (Michael J. McKenna, of counsel), for proponent.

Joseph Rosenzweig (Charles H. Beckett, of counsel), for contestant.

VARNUM, S.   Bertha Lamka, otherwise known as Bertha Rand, died at a hospital March 2, 1899, leaving a will dated and executed February 20, 1899, in which she describes herself as Bertha Rand, wife of William Frank Rand, and by which she makes certain small legacies and bequests, including $100 to her sister, the contestant, "because she has been unfriendly to me, and not treated me as a sister should," and $50 and $100, respectively, to certain children of her said sister, and then gives all her household goods, jewelry, and other personal effects, as well as all the residue of her estate, real and personal, "to my husband, William Frank Rand." Said Rand was designated as sole executor, and the will further provided that, if either the sister of the testatrix or any of her children should contest the provisions of the will, the legacies in their favor should be null and void, and the amount thereof go to the residuary legatee and devisee.   It appears clear from the evidence that the testatrix was not the wife of said Rand, who had, and still has, another wife living, but that for 16 or 17 years, and until the time of her death, the testatrix and himself had lived together, and that she had assumed his name.   It also appears that the testatrix knew he was a married man.   The will is contested by the sister of the testatrix named as a legatee under her will, upon all the usual grounds, laying special stress upon charges of duress and undue influence on the part of said Rand.   To briefly summarize the evidence, it is clear that during the last year of her life, at least, the testatrix kept a house of doubtful repute, and that said Rand lived with her, and assisted in its management.   It appears that she was a woman of strong will, coarse manners, quick temper, and extreme jealousy as far as Rand was concerned.   It also appears that Rand sometimes gave apparent cause for such jealousy, and quite frequently indulged to excess in drink, and on such occasions was often brutal and abusive to the testatrix, who resented the same in a positive and emphatic manner; on one occasion, at least, having him arrested on that account.   But in the end the two always made up, and continued living together until the time of her death.   It is the old familiar story, especially among persons living together in this unconventional and meretricious relationship,—dissipation, frequent quarrels, ever ending in renewals of those relations which long association has engendered and made it almost impossible to break.   When she came to make her will, in spite of all

his apparent worthlessness, and of all her quarrels with him, she left him what little property she had accumulated.　Her relations with her sister and only near relative, the contestant, had always been strained.　It is intimated by contestant's counsel that this was but natural, in view of the fact that the testatrix was a prostitute; but it seems to me that, if the sister had been influenced in her relations by that fact on high moral grounds, she would hardly appear in this court now, seeking to claim as her own the proceeds of prostitution. The testimony developed strong reasons for the hostility of the testatrix to her sister and family, dating back for many years, which I do not deem it necessary or proper to allude to in this opinion; but, in my judgment, they were quite sufficient to have caused her lack of affection for the contestant.　There is no proof, in my opinion, of any duress or undue influence exercised by Rand or others in relation to the execution of the will.　Meretricious relations are insufficient to prove undue influence.　In re Mondorf's Will, 110 N. Y. 450, 18 N. E. 256; Schouler, Wills, § 237.　I find the will executed in due conformity to law, and that it was not executed without due testamentary capacity, and hence, in spite of all the circumstances of her career, and the possible worthlessness of her beneficiary, Bertha Lamka's wishes must be carried out, and her will should be admitted to probate, for, as I have said in several cases recently decided by me, it is well-settled law that, in the absence of clear proof of fraud and undue influence, it is a testator's privilege to do as he will with his own.　In re Cleveland's Will (Sur.) 59 N. Y. Supp. 985, and In re Johnson's Will, 28 Misc. Rep. 363, 59 N. Y. Supp. 906.　Submit findings and decree accordingly.

Decreed accordingly.